IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen Ray Westberry, | C/A No. 0:12-588-RBH-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| South Carolina Dept. of Corrections; William R. Byars, Jr., SCDC Director; Lt. D. Harrouff; Sgt. Daniel Cotter; and John Does, | |
| Defendants. | |

The plaintiff, Stephen Ray Westberry ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is incarcerated at Lieber Correctional Institution within the South Carolina Department of Corrections ("SCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that Defendants SCDC, William R. Byars, Jr., and Daniel Cotter should be summarily dismissed.

## BACKGROUND

Plaintiff alleges on January 26, 2012, Lt. D. Harrouff and Sgt. Daniel Cotter met with Plaintiff to discuss his missing property, and Cotter directed Plaintiff to look through a plastic bag to identify his items. (ECF No. 1 at 3-5.) Allegedly, Plaintiff and Cotter sorted through the items while Harrouff inventoried them. (Id.) Harrouff allegedly informed Plaintiff that certain of his items were contraband, and Plaintiff argued with Harrouff about the property. (Id.) Allegedly, Harrouff told Plaintiff that he was going to lock-up and

proceeded to handcuff Plaintiff. (Id.) Plaintiff alleges Harrouff made a fist to hit Plaintiff, and Cotter grabbed Harrouff's arms and restrained Harrouff from hitting Plaintiff. (Id.) Plaintiff alleges he heard Lt. D. Harrouff falsely tell the correctional officers from C-dorm lock-up that Plaintiff had assaulted Harrouff. (Id.) Plaintiff alleges based on Harrouff's false accusation the C-dorm lock-up correctional officers used excessive force against him by pushing him and forcing him to walk too quickly while he was wearing chains and cuffs and he suffered injuries. (Id.) Plaintiff seeks money damages and requests that Defendants be punished. (ECF No. 1-5 at 1; ECF No. 1 at 5.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and 1915A. This review has been conducted in light of the following precedents: Ashcroft v. Iqbal, 556 U.S. 662 (2009); Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or

"seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Iqbal, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.² Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and

---

² Although the Iqbal Court was addressing pleading standards in the procedural context of a Rule 12(b)(6) motion, the court finds that those standards also apply in the court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions. Iqbal, 556 U.S. at 677-81. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6). See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009)("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").

PJG

> conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

## DISCUSSION

This Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Rehberg v. Paulk, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff names the South Carolina Department of Corrections ("SCDC")—a state agency—as a defendant in this action. Neither the State nor its agencies is a "person" for purposes of liability under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Additionally, absent waiver or consent, the Eleventh Amendment bars a suit

Page 5 of 10
PJG

directly against the State or its agencies. Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. Amend. XI. The Eleventh Amendment confirmed the constitutional principle of sovereign immunity, which predates the Amendment. See Alden v. Maine, 527 U.S. 706, 728-29(1999). Although the Eleventh Amendment expressly forbids suits in federal court by citizens of other States against a State, the Amendment also bars suits against a State filed by it own citizens. See Hans v. Louisiana, 134 U.S. 1 (1890). A State must consent to suit in a federal district court, which serves to waive sovereign immunity. See Lapides v. Board of Regents, 535 U.S. 613 (2002). The defendant has not consented to suit in federal court in this case. The Eleventh Amendment therefore bars the plaintiff from suing the defendant in this court.

Moreover, to the extent Plaintiff named SCDC as a defendant to seek damages from the State of South Carolina, this action is barred by Eleventh Amendment immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993) (stating that absent waiver of Eleventh Amendment immunity, "neither a State nor agencies acting under its control may be subject to suit in federal court") (quotations and citations omitted). Although a State may waive sovereign immunity, Lapides v. Bd. of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e); see also Quern v. Jordan, 440 U.S. 332, 343

*PJG*

(1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations). Thus, SCDC should be summarily dismissed.

Additionally, Plaintiff makes no factual allegations against William R. Byars, Jr., except that he is the Director of the SCDC. Plaintiff does not allege that Byars was personally involved in the January 26, 2012, excessive force incident. The doctrine of respondeat superior cannot support liability under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Mere knowledge is not sufficient to establish personal participation. Id. As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 677. Indeed, the dissent in Iqbal opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [ ] supervisory liability entirely." Id. at 693 (Souter, J., dissenting). Moreover, even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir.1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their

*PJG*

subordinates). Therefore, Plaintiff failed to state a claim on which relief may be granted against Byars, and he should be summarily dismissed.

Finally, Plaintiff failed to state a claim on which relief may be granted as to Sgt. Daniel Cotter. Although the court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " See Iqbal, 556 U.S. at 678-79; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). Plaintiff's factual allegations against Cotter relate to Cotter's sorting through Plaintiff's property and Cotter's interfering with Harrouff's attempt to attack Plaintiff. Specifically, Plaintiff alleges on January 26, 2012, Cotter successfully physically restrained Harrouff's fist to prevent Harrouff from attacking Plaintiff. Liberally construed, there is no allegation that Cotter acted wrongfully or was involved with an alleged excessive force incident. Therefore, the Complaint does not contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face against Cotter, and he should be summarily dismissed.

## RECOMMENDATION

Accordingly, the court recommends that Plaintiff's Complaint in the above-captioned case be summarily dismissed against Defendants SCDC, William R. Byars, Jr., and Daniel

PJG

Cotter without prejudice and without issuance and service of process. The Complaint should be served as to Defendants Lt. D. Harrouff and the John Doe defendants.[3]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 22, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] In an order entered contemporaneously with this report and recommendation, this court authorizes issuance of a summons and service of process on Lt. D. Harrouff. However, service of process has not been authorized yet on the John Doe defendants.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).