IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Stephen Ray Westberry, ) | Civil Action No.: 0:12-cv-00588-RBH |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Lt. D. Harrouff; Sgt. Toth; and Lt. Robertson, ) | |
| Defendants. ) | |

Plaintiff Stephen Ray Westberry, a state prisoner proceeding *pro* se, filed this action under 42 U.S.C. § 1983, alleging that the above-referenced Defendants violated his constitutional rights. Defendants filed a motion for summary judgment. ECF No. 105. Furthermore, Plaintiff filed several motions: an apparent motion for reconsideration of a motion to compel, ECF No. 125, another motion to compel, ECF No. 128, and a motion for a hearing. These matters are now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] In the R&R, the Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment and, accordingly, deny all of Plaintiff's motions as moot.

## BACKGROUND

Plaintiff filed this action in February 2012. Because Magistrate Judge adequately represented the facts in her R&R, the Court need not elaborate on them. *See* R&R 1-2, ECF No. 135. Suffice it to say that Plaintiff's complaint alleges claims of excessive force under the Eighth Amendment against Defendants. Specifically, he asserts that Defendant's improperly handled him when they

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

placed him in lock-up. Defendants filed a motion for summary judgment on October 29, 2012. ECF No. 105. After receiving notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff responded to their motion on November 5, 2012. ECF No. 111. Subsequently, Plaintiff filed three motions. First, he filed a motion that the Court construes as a motion for reconsideration of a motion to compel. ECF No. 125. In the motion, however, he makes no argument to justify any reconsideration of the Magistrate Judge's order. Second, Plaintiff filed a motion to compel. He asks the Court to compel the South Carolina Department of Corrections to answer his grievances. ECF No. 128. Finally, he filed a motion for a hearing, in which he seeks a hearing on several matters before trial. ECF No. 131.

The Magistrate Judge issued her R&R on June 12, 2013, recommending that the Court grant Defendants' motion for summary judgment on the grounds that "no reasonable jury could find that the defendants' use of force in handcuffing and transporting [Plaintiff] was employed wantonly, maliciously, or sadistically to inflict pain." R&R 8. Furthermore, the Magistrate Judge recommends dismissing all other claims, to the extent they were ever made, on the basis that Plaintiff's complaint fails to state any other plausible claim upon which the Court can grant relief. *Id.* at 9. Finally, the Magistrate Judge recommends denying Plaintiff's motions as moot. *Id.* Plaintiff filed timely objections. Pl.'s Objs., ECF No. 137.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment and, accordingly, deny all of Plaintiff's motions as moot. Plaintiff's objections, however, are improper. Plaintiff simply returned the documents that the Court sent him, repeatedly writing "Denied by Plaintiff." Presumably, Plaintiff objects to the R&R in its entirety; however, Plaintiff's objections must be specific. Indeed, the Court must only consider objections to the R&R that direct it to a specific error in the Magistrate Judge's R&R. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any

explanation for adopting the recommendation. *Camby*, 718 F.2d at 199. In light of Plaintiff's general objections, it must undertake only a review of clear error. And, having conducted such a review, the Court finds the Magistrate Judge's recommendation to be proper.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Defendants' motion for summary judgment, Plaintiff's motions, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (ECF No. 105) is **GRANTED**; that Plaintiff's motion for reconsideration (ECF No. 125), motion to compel (ECF No. 128), and motion for a hearing (ECF No. 131) are **DENIED AS MOOT**; and that this action be **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

                                                                             s/ R. Bryan Harwell
                                                                             R. Bryan Harwell
                                                                             United States District Judge

Florence, South Carolina
June 21, 2013